J-S46024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARREN M. KOLAS | : | |
| | : | |
| Appellant | : | No. 209 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 6, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000798-2022

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: FEBRUARY 12, 2025**

Darren M. Kolas appeals from the judgment of sentence of two to four days of incarceration followed by six months of probation imposed after the trial court found him guilty of driving under the influence ("DUI") and related traffic violations.  We affirm.

The trial court offered the following facts underlying Appellant's convictions:

> On October 22, 2021, at approximately 5:43 a.m., Trooper Codi Walker . . . of the Pennsylvania State Police (PSP), who had five years with the PSP and twelve years total police experience, responded to and investigated a single vehicle crash on the Sharpsburg exit ramp, off the Highland Park Bridge westbound. In its final resting position, the vehicle blocked the road.  [Trooper Walker], trained in accident reconstruction, investigated the scene.  Her investigation revealed that the vehicle was traveling westbound on the bridge to State Route 28 northbound and southbound entrance ramps.  Based on the scratches and scrape marks on the bridge, [Appellant] went off the roadway well before hitting the guide rail, hit the guide rail while on the bridge at the

Sharpsburg exit, spun out[, and] landed completely across the entire roadway of the Sharpsburg ramp . . . . [Trooper Walker] testified that conditions of the road were dry[ and] free of debris or loose gravel; it was a clear, dry morning. The vehicle had severe front-end damage.

Following the accident reconstruction, Trooper Walker cleared the scene and proceeded to the emergency room (ER) at St. Margaret's Hospital where [Appellant] had been transported . . . . At the hospital, [Trooper Walker] was escorted to [Appellant] where she made contact and identified him . . . . The trooper had a conversation [and] conducted an interview with [Appellant] in the ER. The trooper immediately observed that [Appellant] had glassy, bloodshot eyes that were extremely droopy[, and his pupils were constricted to pinpoints. Additionally, he] had seriously raspy speech that was slow and slurred. [Appellant] was extremely talkative. Based on the trooper's twelve years of experience and hundreds of DUI arrests, this appearance and demeanor was indicative of some [kind] of drug or alcohol. She did not smell alcohol, therefore [she] determined it was probably by a drug.

Following the trooper's initial observations, [Appellant] made admissions that he was leaving the methadone clinic on Washington Boulevard headed to Ohio Valley Hospital, that he dosed [130] milligrams of methadone about fifteen to twenty minutes prior to the crash, and that he used marijuana recreationally. [Appellant] responded to the trooper that he was travelling approximately forty-five miles per hour before the crash, and he was not wearing a seat belt. Trooper Walker testified that based on her experience and training, methadone is intoxicating. [Appellant] told Trooper Walker that he did not hit his head, but he was experiencing neck and back pain. Based on [Appellant]'s complaints (neck and back pain) and therefore potential injuries, she did not conduct standard field sobriety test[s] . . . that required [him] to stand. Since he said he did not hit his head, she [decided to] conduct the horizontal gaze nystagmus test . . . to which [Appellant]'s objection to admission was sustained, and the lack of convergence test (LOC). [Appellant] exhibited a LOC in his left eye. LOC is a clue that there could be drug impairment. Trooper Walker read verbatim the DL26 form for chemical testing to [Appellant, who then] refused blood testing. The trooper testified that in her training and

experience, based on her observations of [Appellant], [he] was impaired and was not capable of safely operating a motor vehicle.

Trial Court Opinion, 6/7/24, at 3-5 (parenthetical numbers and unnecessary capitalization omitted, pagination supplied).

Based on the foregoing, the Commonwealth charged Appellant with DUI of a controlled substance, driving while operating privileges are suspended, driving without a license, careless driving, driving on a roadway laned for traffic, driving at unsafe speed, and not exhibiting license on demand. Appellant filed a petition for a writ of *habeas corpus*, to which he attached several articles regarding methadone prescription and the assertion that when taken as prescribed, methadone "'do[es] not cause the intoxication associated with opioid misuse[.]'" Petition for Writ of *Habeas Corpus*, 6/17/22, at unnumbered 4 n.1 (quoting Exhibit A (Joint Position Statement on Medication-Assisted Treatment for Opioid Use Disorders in Allegheny County, Jan. 2017)). The court held a hearing on May 4, 2023, during which Trooper Walker testified in accordance with the above account. The exhibits attached to Appellant's petition were not admitted into evidence. After taking the matter under advisement, the court denied Appellant's petition.

In lieu of presenting witnesses at a bench trial, the parties stipulated to the admission of the DL26 form and Appellant's driving record, and otherwise rested on the testimony presented at the *habeas* proceeding. Upon review, the court adjudged Appellant guilty as to all counts charged and imposed the sentence indicated hereinabove. Appellant timely filed a post-sentence

motion challenging the weight of the evidence. The court denied the motion, and this appeal followed. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement, and the court authored a responsive Rule 1925(a) opinion.

Appellant presents a single issue for our consideration: "Whether the trial court abused its discretion by denying [Appellant]'s post-sentence motion because the finding that he was under the influence of drugs which impaired his driving was against the weight of the evidence?" Appellant's brief at 5. We consider this issue mindful of our well-settled standard of review:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. . . . It is well-settled that we cannot substitute our judgment for that of the trier of fact.

> Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the lower court; this Court does not review the underlying question of whether the verdict is against the weight of the evidence.

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. . . .

> Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Spence***, 290 A.3d 301, 311 (Pa.Super. 2023) (cleaned up).

- 4 -

This issue implicates Appellant's conviction for DUI pursuant to 75 Pa.C.S. § 3802(d)(2), which provides as follows:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> . . . .
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802. Notably, "impairment evidence should be drawn from the totality of the factual circumstances." *Spence*, 290 A.3d at 309 (citation omitted). Moreover, this subsection "does not require proof of a specific amount of a drug in the driver's system. It requires only proof that the driver was under the influence of a drug or combination of drugs to a degree that the ability to drive is impaired." *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012) (citation omitted).

The crux of Appellant's argument is that the trial court abused its discretion in concluding that he used marijuana and in crediting the trooper's testimony about the intoxicating effects of methadone. *See* Appellant's brief at 15. He contends that the evidence he attached to his *habeas* petition established that a prescribed dose of methadone is not intoxicating. *Id*. at 12. Further, Appellant assails Trooper Walker's conclusions about the accident because she was not present to view the actual conditions, and he discounts her observations of his appearance because she could not know if that differed

from Appellant's baseline or was a consequence of injuries from the car crash. *Id*. at 13-14. Finally, he highlights that his admission to recreational marijuana use did not indicate when he last used. *Id*. at 14.

Here, the trial court explained in its Rule 1925(a) opinion why it rejected Appellant's various arguments in his post-trial motion that the verdict was against the weight of the evidence.[1] Specifically, Trooper Walker's investigation of the accident scene revealed that the road was dry and clear, and "[s]he did not find any loose gravel or debris, nor anything extraneous that might have caused the accident." Trial Court Opinion, 6/7/24, at 5-6. Further, the trooper's initial impressions of Appellant's "eyes, speech, [and]

_____

[1] We note that the trial court summarily denied Appellant's post-sentence motion without any explanation and, in its Rule 1925(a) opinion, neither set forth the pertinent standard of review for weight claims nor cited any case law. Appellant does not allege that the trial court applied the wrong standard in addressing his motion for a new trial. Despite the trial court's omissions, our review of the certified record reveals that it nonetheless applied the correct standard. Namely, instead of considering the evidence to support each element of § 3802(d)(2), it went through each piece of evidence that Appellant presented in support of a new trial. In doing so, it implicitly found that none of those facts, individually or collectively, was "so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa.Super. 2003) (cleaned up). Following its analysis of each contention, the court concluded that its denial of Appellant's motion "was the appropriate decision based on the facts and evidence presented." Trial Court Opinion, 6/7/24, at 14. Therefore, as in *Commonwealth v. Flowers*, 303 A.3d 777, 2023 WL 4743197, at *6 (Pa.Super. 2023) (non-precedential decision), although the court did not use the language specific to weight claims in explaining its ruling, "it is clear that the trial court applied the correct legal standard and did not abuse its discretion in denying Appellant's weight of the evidence claim[,]" and we need not remand for a supplemental opinion to conduct our review.

- 6 -

mannerisms . . . showed signs that he was intoxicated." *Id*. at 6. The court noted that several arguments proffered in Appellant's post-sentence motion, such as that he was subjected to pre-treatment screening at the methadone clinic and received only his prescribed dose, and that methadone is not intoxicating, were based upon facts not in evidence. *Id*. at 7-9. Rather, the court credited Trooper Walker's testimony that methadone is intoxicating and her conclusion, based upon her training and experience, that the circumstances of the car crash, as well as Appellant's "appearance, behavior and demeanor, [and] his mannerisms[, were] all consistent with that of an intoxicated or impaired person." *Id*. at 8.

Moreover, the court acknowledged the lack of definitive timing for Appellant's admitted marijuana usage. Instead, it only considered that portion of the trooper's testimony insofar as it indicated that Appellant had smoked marijuana in the past.[2] Finally, as an additional factor, the court noted Appellant's refusal to submit to chemical testing as consciousness of his guilt. *Id*. at 13.

The record supports the trial court's decision to credit Trooper Walker's testimony, as she had significant experience in accident reconstruction and DUI investigations. She surveyed the scene of the accident and detected no

___

[2] The court took judicial notice that ingesting marijuana in combination with other substances "tends to exacerbate symptoms[,]" but did not make a finding that Appellant used marijuana prior to the crash. *See* Trial Court Opinion, 6/7/24, at 12.

environmental factor that would cause Appellant to drive off the road before hitting the guide rail and spinning out. Upon interacting with Appellant at the hospital, she confirmed that he had not suffered any head injuries, and immediately observed that he had glassy, bloodshot eyes with pinpoint pupils, slurred speech, and was excessively talkative. Based upon her training and experience, and the lack of any odor of alcohol, Trooper Walker deduced that Appellant was intoxicated from drugs that rendered him incapable of safely driving prior to the accident. Appellant refused chemical testing but admitted to taking methadone shortly before the crash and stated, for unknown reasons, that he also partakes in marijuana smoking on a recreational basis. Furthermore, Trooper Walker observed an LOC in Appellant's left eye, which additionally suggested drug impairment.

This bevvy of evidence fully supports the trial court's denial of Appellant's weight challenge, and we discern no abuse of discretion in its ruling. *See Commonwealth v. Gause*, 164 A.3d 532, 539 (Pa.Super. 2017) (*en banc*) (noting that "ordinary signs of intoxication" include "glassy or bloodshot eyes . . . and slurred speech"); *Spence*, 290 A.3d at 311-12 (affirming trial court's ruling that verdict was not against the weight of the evidence where court credited the testimony of the investigating trooper and declining as improper task the appellant's request to re-weigh the evidence).

Based on the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/12/2025